pending in the first judicial district directing the discontinuance or dismissal of those proceedings. See 41 N. Y. Supp. 804.

PEOPLE, Respondent, v. MURRAY HILL BANK, Appellant. (Supreme Court, Appellate Division, Second Department. December 8, 1896.) No opinion. Motion for leave to appeal to the court of appeals denied. See 41 N. Y. Supp. 804.

PEOPLE v. MUTUAL BREWING CO. (Supreme Court, Appellate Division, Second Department. October 27, 1896.) Proceeding against the Mutual Brewing Company. No opinion. Order modified by directing the return to the purchaser of $250, less the expenses of the sale. Order settled by Justice BARTLETT, and signed.

PEOPLE v. NATIONAL MUT. INS. CO. (Supreme Court, Appellate Division, First Department. July, 1896.) Proceeding against the National Mutual Insurance Company. No opinion. Motion to dismiss appeal granted, unless the appellant Anthony print and serve his appeal papers in time to notice the appeal for the October term. See 38 N. Y. Supp. 1147.

PEOPLE v. NATIONAL MUT. INS. CO. (Supreme Court, Appellate Division, First Department. November 20, 1896.) No opinion. Motion denied upon payment of $10 costs. See 38 N. Y. Supp. 1147.

PEOPLE, Respondent, v. PARRETTE, Appellant. (Supreme Court, Appellate Division, Second Department. December 1, 1896.) Proceeding against Michael Parrette. No opinion. Judgment affirmed. All concur.

PEOPLE v. ROBBINS. (Supreme Court, Appellate Division, First Department. June, 1896.) Proceeding against Darius Robbins. No opinion. Motion granted, with $10 costs.

PEOPLE v. ST. NICHOLAS BANK. (Supreme Court, Appellate Division, First Department. November 13, 1896.) Proceeding against the St. Nicholas Bank. No opinion. Motion granted. See 38 N. Y. Supp. 379.

PEOPLE, Respondents, v. VOSBURGH, Appellant. (Supreme Court, Appellate Division, Third Department. October 2, 1896.) Proceeding against Margaret Vosburgh. No opinion. Judgment and order affirmed, with costs. All concur.

PEOPLE ex rel. BARRETT v. ROOSEVELT et al. (Supreme Court, Appellate Division, First Department. November 6, 1896.) Certiorari by Edward J. Barrett to review the proceedings of Theodore Roosevelt and others, constituting the board of police commissioners, dismissing relator from the police force. Louis J. Grant, for relator. Theodore Connoly, for respondents.

PER CURIAM. The only question is as to whether or not the evidence is sufficient to justify the finding of the commissioners that the relator, on the night of the 31st day of October, 1895, left his post, and went into a saloon. That fact is sworn to positively by Mr. Cooper, the complainant. It is denied by the officer, and thus there is a sharp conflict of evidence. The relator called several witnesses to corroborate his story. Cooper, the complainant, swears that he saw the relator go into the saloon between 5 minutes of 10 and 15 minutes after 10. McLaughlin swears that he saw the relator between Eighth and Ninth avenues between half past 9 and 15 minutes after 10; that about 15 minutes before 10 he saw him go towards Tenth avenue, but did not see him again. This is not at all inconsistent with the complainant's testimony. The relator also called two men who were in this saloon on the night in question, both of whom swore that they did not see the police officer in the saloon. A significant fact, however, appears in relation to the testimony of one of these persons, Peter E. Boer, who swore that on that night, some time after 11 o'clock, the relator came to the saloon and sent for this witness. The relator told the witness that he (the relator) had been accused by a certain person of running away, and he asked the witness how long he (the witness) had been in there. The witness said that he had been in all the evening. "He [the relator] said he would have a complaint probably. He asked me to come down and testify in his behalf." It nowhere appears that Cooper told the officer what his complaint against him was. It only appears that Cooper had told the officer that he had run away from him, and had concealed his number, and refused to give his name; and yet, immediately after such charge was made, the relator goes to this saloon to engage the witness to go and testify in his behalf. It is a little difficult to see how the officer could have known that Cooper was to charge him with being in the saloon, in the absence of any statement by Cooper to him, unless he had been there. On the whole case we think a question was presented for the commissioners to determine, and that we would not be justified in reversing such determination. The proceedings of the commissioners are therefore affirmed, and the writ dismissed.

PEOPLE ex rel. DILLON, Appellant, v. WELLES, Police Commissioner, Respondent. (Supreme Court, Appellate Division, Second Department. December 15, 1896.) Certiorari by Richard Dillon against Leonard R. Welles, police commissioner. No opinion. Determination confirmed, with $10 costs and disbursements. All concur.

PEOPLE ex rel. DWYER, Appellant, v. MARTIN et al., Respondents. (Supreme Court, Appellate Division, First Department. December 11, 1896.) Certiorari by Patrick W. Dwyer against James J. Martin and others. J. Vincent, for appellant. T. Farley, for respondents. No opinion. Proceedings affirmed, with costs.

PEOPLE ex rel. ELDRIDGE v. JEWETT et al. (Supreme Court, Appellate Division,